Warren G. COUSIN, Plaintiff-Appellant,

v.

BOARD OF TRUSTEES OF HOUSTON MUNICIPAL SEPARATE SCHOOL DISTRICT, et al., Defendants-Appellees.

No. 80–3126.

United States Court of Appeals,
Fifth Circuit.*
Unit A

Nov. 13, 1981.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Kenneth Mayfield, Tupelo, Miss., for plaintiff-appellant.

Armis Hawkins, Houston, Miss., for defendants-appellees.

## ON PETITION FOR REHEARING

(Opinion June 16, 1981, 5th Cir., 1981, 648 F.2d 293).

Before BROWN, POLITZ and TATE, Circuit Judges.

PER CURIAM:

This Court in its opinion, 648 F.2d 293 (5th Cir. 1981) declared that the record on appeal raised questions of compliance with *Singleton III* which it then undertook to adjudicate.

The School District's petition for rehearing raises serious questions whether it was proper for this Court to draw these conclusions since the District Court, 488 F.Supp. 75, had ruled that *Singleton* was not involved, which effectively cut off any opportunity of contrary proof.

Consequently, the petition for rehearing is granted, the opinion is vacated and the case is remanded to the District Court for full factual hearing and determination of whether (i) *Singleton III* is involved (ii) *Singleton III* was violated (iii) Cousin was collaterally estopped to assert *Singleton III* violation (iv) Cousin was qualified (v) the statute of limitations or laches had run as to sustainable *Singleton III* claims. *See Peques v. Morehouse Parish School Bd.,* 632 F.2d 1279, 1282 n.3 (5th Cir. 1980) and (vi) all other related issues.

Left to the initial determination of the District Court is the matter of the extent, if any, the present record shall or may be considered along with newly offered evidence.

REMANDED.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.